# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2531

_____

Mark D. Stone,                            *
                                          *
        Appellant,                 *
                                          *
                                          *   Appeal from the United States
    v.                                 *   District Court for the
                                          *   Eastern District of Arkansas
Larry Norris, Director, Arkansas          *
Department of Correction,                 *        [UNPUBLISHED]
                                          *
        Appellee.                  *

_____

Submitted:  August 2, 2000

Filed:  August 10, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

    Arkansas inmate Mark D. Stone appeals from the final judgment entered in the
District Court[1] for the Eastern District of Arkansas, dismissing his 42 U.S.C. § 1983

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the
Eastern District of Arkansas, adopting the report and recommendations of the
Honorable H. David Young, United States Magistrate Judge for the Eastern District of
Arkansas.

action prior to service. For the reasons discussed below, we affirm the judgment of the district court, but we modify the dismissal to be without prejudice.

Stone filed this action against the Director of the Arkansas Department of Correction (ADC). Stone had been charged with and found guilty of escaping from ADC's custody and received a class status reduction, confinement to punitive isolation, and loss of good-time credits. He claimed, inter alia, that his disciplinary hearing officer was biased and failed to list evidence to support her decision. He requested expungement of the disciplinary violation from his file, restoration of his good-time credits and class status, and damages for time spent in isolation.

We conclude the district court properly dismissed Stone's action for failure to state a claim. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (reviewing de novo § 1915A dismissal for failure to state claim). Stone may seek restoration of his good-time credits only in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus). As to Stone's request for damages for the punishment imposed following the allegedly unconstitutional disciplinary proceedings, we agree with the district court that such a claim is foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for unconstitutional conviction or imprisonment, or for harm from actions whose unlawfulness would render conviction or sentence invalid, § 1983 plaintiff must prove conviction or sentence has been reversed, expunged, declared invalid, or called into question), because judgment for Stone on his claim that the disciplinary hearing officer was biased would imply the invalidity of his disciplinary "conviction." See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997) (extending Heck v. Humphrey to prison discipline decisions).

Accordingly we affirm, see 8th Cir. R. 47A(a), but we modify the dismissal to be without prejudice, see Heck v. Humphrey, 512 U.S. at 486-87.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.